AO 91 (Rev. 11/11) Criminal Complaint                    AUSA Chester Choi (312) 697-4037

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

DAVID WATSON

CASE NUMBER: 25 CR 412

**FILED**
7/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 8, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | did knowingly and intentionally possess with intent to distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

Eric Babczak (DPM w/ permission)
ERIC D. BABCZAK
Special Agent, Drug Enforcement Administration
(DEA)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: July 24, 2025

_Judge's signature_

City and state: Chicago, Illinois

DANIEL P. MCLAUGHLIN, U.S. Magistrate Judge
_Printed name and title_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, ERIC D. BABCZAK, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been so employed since approximately February 2019. My current responsibilities include the investigation of narcotics trafficking offenses. Prior to my employment as a DEA Special Agent, I was a police officer in Cicero, Illinois, and Willowbrook, Illinois for approximately five years.

2. This affidavit is submitted in support of a criminal complaint alleging that David Watson has violated Title 21, United States Code, Section 841(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging WATSON with possession with intent to distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, physical surveillance, and my training and

experience, as well as the training and experience of other agents with whom I have spoken.

## I.     FACTS SUPPORTING PROBABLE CAUSE

4.     In summary, and as detailed below, on or about June 8, 2022, pursuant to consent searches of a vehicle WATSON was driving and of his apartment, WATSON was found in possession of wholesale quantities of suspected cocaine, bulk cash, firearms, and drug-trafficking paraphernalia.

5.     Specifically, on or about June 8, 2022, law enforcement was conducting surveillance on DAVID WATSON at his known residence in an apartment building located on the 100 block of North Garland Court in Chicago ("the Garland apartment building"). At approximately 11:13 a.m., law enforcement observed WATSON exit the front door of the Garland apartment building and enter the front passenger side door of a maroon Jeep Cherokee bearing an Illinois license plate ("the Cherokee").[1] The Cherokee was driven by an unidentified female ("UF-1"). About one minute later, the Cherokee exited the area of the Garland apartment building heading southbound on Garland Court. Shortly after, law enforcement lost visual sight of the Cherokee after it ran a redlight at the intersection of North Michigan Avenue and East Washington Street heading northbound on Michigan. After losing visual sight of the Cherokee, law enforcement returned to the Garland apartment building and established surveillance.

---

[1] Based on records from the Illinois Secretary of State, the Cherokee is registered to Individual A with an address located on the 2200 block of North Home Avenue in Park Ridge, Illinois.

6.      At approximately 11:55 a.m., law enforcement saw the Cherokee return and enter the Garland apartment building's parking garage. The Cherokee parked next to a silver Porsche bearing an Illinois license plate, which based on Illinois Secretary of State records, was then registered to WATSON. At approximately 12:01 p.m., law enforcement observed WATSON and UF-1 exit the Jeep each carrying a weighted bag and enter the Garland apartment building.

7.      At approximately 12:43 p.m., law enforcement observed WATSON and UF-1 enter the parking garage and walk towards the Cherokee. WATSON placed unknown items in the rear seat and in the rear cargo area of the Cherokee. WATSON entered the driver's seat of the Cherokee while UF-1 returned to the Garland apartment building. The Cherokee exited the parking garage.

8.      Shortly after exiting the parking garage, law enforcement conducted a stop of the Cherokee. During the stop, WATSON provided law enforcement verbal consent to search the Cherokee. Officers proceeded to search the Cherokee and found the following: (1) a box located on the rear driver's side seat that contained a brick-shaped object wrapped in plastic black tape inside of which contained a white rock-like substance with a gross weight of approximately one kilogram and numerous bundles of U.S. currency which based on an official count totaled approximately $85,550; and (2) a white knotted bag containing a white powder substance with a gross weight of approximately 45 grams from the center console of the Cherokee.

9.      Shortly after the search, WATSON gave consent to the officers to take him into his apartment in the Garland apartment building where he was read his

3

*Miranda* rights from a pre-printed form. WATSON signed a consent form indicating that he understood his rights and that he agreed to be interview. Law enforcement then interviewed WATSON. In summary and not verbatim, WATSON stated the following: WATSON lived in the Garland apartment building with his girlfriend. Prior to the stop, WATSON was on his way to deliver the money and the kilogram of cocaine found in the Cherokee to a courier sent by his Mexican source of supply near the intersection of West 33rd Street and South Damen Avenue in Chicago. The money was payment for kilograms of cocaine he had received earlier from his source. WATSON was planning on returning the kilogram of cocaine to the courier after he got into a verbal dispute with his source while coordinating the money drop. WATSON had several more kilograms of cocaine, multiple firearms, and $400,000 in U.S. currency in his apartment at the Garland apartment building. Law enforcement asked for and received verbal consent from WATSON to search his apartment. WATSON then signed a written consent form indicating the same.

10.    At approximately 1:40 p.m., law enforcement conducted a search of WATSON's apartment. During the search, law enforcement found the following: (1) approximately $267,720 in U.S. Currency from a storage drawer in the master bedroom closet; (2) one brick-shaped object wrapped in a garbage bag containing suspected cocaine and one package containing suspected cocaine in the master bedroom with a collective gross weight of approximately 1.3 kilograms; (3) packaging material with suspected cocaine residue with a gross weight of approximately 300 grams in the bathroom garbage can; (4) a black digital scale and batteries with

4

suspected cocaine residue on them with a gross weight of approximately 500 grams in the bathroom; (5) a black Berretta PX4 semi-automatic pistol bearing serial number PY12719, a black Glock 43 semi-automatic pistol bearing serial number BDPP560, and a black and grey CZ Scorpion Evo 3 S1 semi-automatic pistol bearing serial number C532287 in the master bedroom closet; (8) a Ribao money counter in the kitchen; and (9) a black Foodsaver heat sealer and bags in the kitchen.

## II.   CONCLUSION

11.   Based on the foregoing facts, I respectfully submit that there is probable cause to believe that, on or about June 8, 2022, DAVID WATSON did knowingly and intentionally possess with intent to distribute a controlled substance, namely 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

FURTHER AFFIANT SAYETH NOT.

Eric Babczak (DPM w/permission)

ERIC D. BABCZAK
Special     Agent,     Drug     Enforcement
Administration

SWORN TO AND AFFIRMED by telephone July 24, 2025.

Honorable DANIEL P. MCLAUGHLIN
United States Magistrate Judge

5